CARMEN FIGUEROA CARRIÓN, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., ET AL., Respondents.

No. 441. Argued April 1, 1951.—Decided May 9, 1951.

*Arcilio Alvarado* and *Carlos J. Ortiz* for petitioner. *Angel de Jesús Matos,* and *Aida Casañas O'Connor,* counsel for the State Insurance Fund, for respondent.

MR. ACTING CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

We issued the writ in this case to review the majority decision of the Industrial Commission which affirmed an order entered by the Manager of the State Insurance Fund denying compensation to Carmen Figueroa Carrión for an accident she had. The facts are not in issue. The work-woman was employed by the Department of Education to work in the school lunchroom of the Sabana Unit of the town of Luquillo. She lived at about two kilometers from the school and in coming and going she used a vicinal road along which she had to cross a river by stepping over some stones. On October 7, 1949 she left her work to go home, carrying in one hand a package containing the uniform she had to wear in her work and which she had to launder at home. While crossing the river, she slipped over a stone and fell down hurting her right side. The place where she fell is at approximately half a kilometer from the school, and there is no other way leading to her house, wherefore she had to go by that river.

The Industrial Commission arrived at the conclusion that *Atiles, Mgr.* v. *Industrial Commission*, 64 P.R.R. 590, on which the petitioner based her claim, was not applicable to the facts of the instant case,[1] but rather the general doctrine to the effect that accidents arising from risks which are peculiar to the streets and are shared by all the members of the community are not compensable upon a workman going to and coming from his work, and cited *Pérez* v. *Industrial Commission*, 53 D.P.R. 960 (Per curiam decision); *Guillot* v. *Industrial Commission*, 60 P.R.R. 658; and *Bacó* v. *Industrial Commission*, 52 P.R.R. 836.

*Atiles, Mgr.* v. *Industrial Commission, supra,* was decided on the basis of the "special and extraordinary circumstances" thereof, as these are set forth on p. 594, and espe-

---

[1] Commissioner Mr. Juan Herrero dissented because he believed that said case should be applied.

cially of the fact that at the time of the accident the injured teacher had her hands full with books, a handbook, certain charts and in addition a raincoat and an umbrella. The accident occurred, according to her testimony, when, upon attempting to grasp the door of the car, she slipped on the pavement which was damp and "as I had *both* hands full with books and was carrying a raincoat and a chart, I slipped and fell." (Page 592; italics ours.)

In the case at bar the petitioner testified that while stepping over some stones in order to cross the river, she slipped and fell; that she was carrying in her hands a small box with a uniform she had to wash at home. There are no special or extraordinary circumstances to render applicable hereto the holding of *Atiles, Mgr.* v. *Industrial Commission, supra.* We have in several instances limited the scope of said case to the facts thereof. See *Ríos* v. *Industrial Commission*, 66 P.R.R. 385, footnote 1, p. 386; *Atiles, Mgr.* v. *Industrial Commission*, 66 P.R.R. 414, 416; *Emmanuelli* v. *Industrial Commission*, 69 P.R.R. 848, footnote 2, p. 852. We ratify now said limitation and reiterate our view that in the absence of exceptional circumstances, accidents sustained on public highways while going to or from work are not compensable. *Ríos* v. *Industrial Commission, supra; Guillot* v. *Industrial Commission, supra; Pérez* v. *Industrial Commission, supra; Bacó* v. *Industrial Commission, supra*, and *Atiles, Mgr.* v. *Industrial Commission, ante*, p. 390.

The decision of the Industrial Commission will be affirmed.